UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKE SHORE HEALTHCARE & REHABILITATION CENTRE, LLC, ) ) ) Debtor-Appellant, ) ) v. ) ) WINNIE MOORE, NEW YORK ) HEALTHCARE INSURANCE COMPANY, ) INC., and JAMIE KOZIOL DELANEY, ) ) Creditor-Appellees. ) | Case No. 25-cv-14952<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion from Lake Shore Healthcare & Rehabilitation Centre, LLC (Debtor-Appellant) seeking leave to file an interlocutory appeal [2]. For the foregoing reasons, the Court denies Debtor-Appellant's motion and remands the case back to the bankruptcy court for further proceedings.

**BACKGROUND**

Debtor-Appellant is the debtor in an involuntary chapter 7 bankruptcy proceeding pursuant to 11 U.S.C. § 303. As Bankruptcy Judge Slade found, the three petitioners (Creditor-Appellees) have been "candid" about the fact that they filed their petition for involuntary bankruptcy because they sought "to take advantage of the tolling provision in the Bankruptcy Code" so as to avoid a looming statute of limitations deadline for their collection efforts. *In re Lake Shore Healthcare & Rehab. Ctr. LLC*, No. 25-10064, 2025 WL 3304827, at *3 (Bankr. N.D. Ill. Nov. 25, 2025). Debtor-Appellant believes that this constitutes an admission of bad faith and it moved to dismiss the petition on that basis. Debtor-Appellant also argued that, in the alternative, the bankruptcy court should abstain from hearing the petitioners' claims (owing to their alleged bad faith) in favor of state court proceedings.

In its motion before the bankruptcy court, Debtor-Appellant cited to a Third Circuit case holding that bad faith is a proper basis for dismissing an involuntary petition. *In re Forever Green Athletic Fields, Inc.*, 804 F.3d 328 (3d Cir. 2015). However, all parties conceded that there is no applicable Seventh Circuit precedent on this question.

The bankruptcy court denied Debtor-Appellant's motion. In his ruling, Judge Slade disagreed with the Third Circuit and held that the plain text of the bankruptcy code does not permit dismissal on the basis of bad faith. *Id.* at *5–7. Instead, bad faith comes in as a consideration only when issuing judgment after a dismissal has already occurred. *Id.*; *see* 11 U.S.C. § 707(a). Judge Slade also found, regardless of the question of law, that Creditor-Appellees' behavior did not constitute bad faith, but rather legitimate maneuvers under the law to maximize Debtor-Appellant's estate for distribution. *Lake Shore Healthcare*, 2025 WL 3304827, at *6. Finally, Judge Slade held that abstention in this case would be "nonsensical," because if he abstained, then "any fraudulent conveyance claims [Debtor-Appellant] owns would be lost"; consequently, he "would be 'abstaining' in favor of nothing." *Id.* at *4. Following the bankruptcy court's ruling, Debtor-Appellant timely filed the instant motion before this Court, seeking leave for an interlocutory appeal.

## DISCUSSION

Under 28 U.S.C. § 158(a), a party to a bankruptcy proceeding may seek leave from a district court to file an interlocutory appeal of a bankruptcy judge's order, and courts in this district "traditionally turn[] to 28 U.S.C. § 1292(b)—the general interlocutory appeal standard—for guidance." *In re Pullman Const. Indus., Inc.*, 143 B.R. 497, 498 (N.D. Ill. 1992) (Aspen, J.). Under 28 U.S.C. § 1292(b), "there are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: (i) there must be a question of law, (ii) it must be controlling, (iii) it must be contestable, and (iv) its resolution must promise to speed up the litigation. *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000).

Without clear Seventh Circuit precedent on the issue, and given Judge Slade's disagreement with the Third Circuit, the Court surmises that the question of whether bad faith is appropriate grounds for dismissal or abstention of an involuntary petition is a question of law that may be contestable. *See Flynn v. Exelon Corp.*, No. 19 C 8209, 2022 WL 267915, at *3 (N.D. Ill. Jan. 28, 2022) (Kendall, J.).("[An] order is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the… ruling will be reversed on appeal." (citations and internal quotation marks omitted)). But regardless of whether the question is contestable, Judge Slade also found that Creditor-Appellees did not act in bad faith. A determination of whether a party's actions constitute bad faith under an established standard is a determination of fact. *See, e.g., In re McKay*, No. 18-31088, 2019 WL 3294081, at *1 n.2 (Bankr. S.D. Ill. July 22, 2019); *Cummins-Allison Corp. v. Glory, Ltd.*, No. 02 C 7008, 2003 WL 22169756, at *2 (N.D. Ill. Sept. 18, 2003) (Guzman, J.) ("The determination of bad faith is a question of fact which is determined on a case by case basis.") (citing *Zenith Elec. Corp. v. Exzec*, Inc. 182 F.3d 1340, 1355 (Fed.Cir.1999)). Debtor-Appellant admits as much when it states that this Court may need to order an evidentiary hearing if it disagrees with the bankruptcy court's reading of the bankruptcy code. Dkt. 2 at *4; *see Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676–77 (7th Cir. 2000) (a question of law suitable for interlocutory appeal is "something the court of appeals could decide quickly and cleanly without having to study the record").

Judge Slade's determination that Creditor-Appellees did not act in bad faith is not a question of law: it is a finding of fact that is inappropriate for reconsideration in an interlocutory appeal. *Cf. Ahrenholz* at 676 ("We think 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact.") As such, the question of law as to whether bad faith is grounds for dismissal or abstention, while possibly

contestable, is not controlling, nor would its resolution hasten the ultimate termination of the case. *See id.* at 675 (interlocutory review only appropriate when it will speed up litigation). Even if the Court determined that Judge Slade was incorrect on the law, and that the Third Circuit's approach should be adopted here, that would not mandate dismissal or abstention, given Judge Slade's finding that Creditor-Appellees did not act in bad faith. *Id.* Consequently, Debtor-Appellant has not met the criteria in 28 U.S.C. § 1292(b) for an interlocutory appeal.

## CONCLUSION

The Court denies Debtor-Appellant's motion [2] and remands this case back to the bankruptcy court for further proceedings.

**IT IS SO ORDERED.**

Date: 2/13/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge